IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT B. CIARPAGLINI,

                                                                          ORDER

                Plaintiff,

                                                                          07-C-453-C

     v.

BRUCE MURASKI, BEN HILBERT, JEREMY
STANIEC, CO PRICE, BRUCE SIEDSCHLAG
and SGT. BEASLY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case has been reassigned to me following the Hon. John C. Shabaz's recusal on October 31, 2007. At the time of recusal, the record showed that plaintiff had filed three motions to compel discovery, one of which plaintiff later withdrew and two of which require briefing, that the dispositive motions deadline is November 5, and that trial is scheduled for December 28, 2007. Now, in addition, defendants have filed a motion to stay the proceedings pending resolution of issues regarding plaintiff's competency to proceed, and plaintiff has filed two more motions to compel discovery. Because I conclude that plaintiff's request for leave to proceed in forma pauperis in this action was improvidently granted, I am rescinding the grant of leave to proceed and dismissing this case unless, on or before

1

November 22, 2007, plaintiff pays the $350 filing fee. For that reason, I will stay a decision on the pending motions.

Plaintiff Robert Ciarpaglini is a serial litigator. The court's PACER system shows that in the past year alone, he filed more than 20 federal lawsuits and, before that, more than 160 other cases in federal courts in Wisconsin and Illinois over the last 20 years. Since shortly after the Prison Litigation Reform Act became law in 1996, he has been ineligible to proceed in forma pauperis because, under 28 U.S.C. § 1915(g), he is a prisoner who, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." He has been aware of his three-strike status for nearly ten years, see, e.g., Ciarpaglini v. Morgan, 99-C-95-S (W.D. Wis. Feb. 18, 1999) (denying pauper status under 28 U.S.C. § 1915(g) and listing three 1996 cases qualifying for strikes). Thus, he is aware as well that there are only two avenues open to him for pursuing additional lawsuits in federal court. One route is to pay the filing fee in full at the start of the lawsuit. The other is to obtain a ruling that his complaint alleges facts that allow an inference to be drawn that he "is in imminent danger of serious physical harm," which is the exception to the bar imposed by § 1915(g).

Plaintiff chose the latter route when he filed this case. In an order dated August 16, 2007, Judge Shabaz summarized the allegations of plaintiff's complaint as follows:

2

> In his proposed complaint petitioner alleges that on June 26, 2007, respondent Bruce Siedschlag grabbed his scrotum and squeezed causing him pain. He alleges that on July 21, 2007, respondent Ben Hilbert struck him. He further alleges that respondent Muraski hit him with a closed fist. Petitioner further alleges that defendants Price and Staniec physically assaulted him. Finally, petitioner alleges that defendant Beasly assaulted him injuring his arm.
>
> Petitioner alleges that he is in imminent danger of physical injury because of the possibility of continuing assaults.

(Although Judge Shabaz's order did not identify the dates on which defendants Muraski, Price, Staniec and Beasly allegedly assaulted plaintiff, plaintiff's complaint reveals the dates to be July 26, 2007, August 2, 2007 and August 6, 2007, respectively.) In a short paragraph in plaintiff's complaint captioned "Imminent Danger of Serious Physical Injury," plaintiff alleges that "the repeated acts of unprovoked violence and assaults upon the plaintiff and the likelihood of additional incidents of violence and assaults upon the plaintiff is placing the plaintiff in imminent danger of serious physical injury."

Before addressing the question whether plaintiff's complaint qualifies for the imminent danger exception to § 1915(g)'s litigation bar, I will address the matter raised in defendants' motion to stay. Defendants seek a stay of these proceedings because, on October 22, 2007, Circuit Court Judge Michael Byron issued an order in a criminal action filed in the Circuit Court for Rock County, Wisconsin, finding plaintiff to be mentally ill and in need of involuntary administration of psychotropic medications. Judge Byron has

3

directed that plaintiff be committed to the Department of Health and Family Services for an indeterminate term not to exceed 12 months and transferred to either the Mendota or Winnebago institutions, "whichever institution has the first opening." If this lawsuit is dismissed for plaintiff's failure to pay the filing fee, however, there will be no need to consider what effect, if any, Judge Byron's finding of incompetence has on plaintiff's ability to continue to litigate his case. Therefore, I will not decide defendants' motion to stay at this time.

I turn then to the question whether plaintiff should have been allowed to proceed in this action under the in forma pauperis statute. At the outset, I recognize that ordinarily courts should not reconsider issues that have already been decided in an action. Payne for Hicks v. Churchich, 161 F.3d 1030 (7th Cir. 1998). However, the "law of the case" doctrine is prudential only. It does not limit the power of a court to hear matters that may have been decided, in part or in whole, at an earlier stage in a lawsuit. Messenger v. Anderson, 225 U.S. 436, 444 (1912) (phrase "law of the case" "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power"). Indeed, where, as here, the earlier decision is "clearly erroneous," a prior ruling may be reevaluated. Arizona v. California, 460 U.S. 605, 618 (1983).

In Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003), the court of appeals held that it was error for the district court to refuse to apply the § 1915(g) imminent danger exception

4

to plaintiff's case where he had alleged in his complaint that the defendants' deliberate denial of medication for his panic disorder was causing him to suffer continuing harm in the form of "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back." Reiterating two of its previous holdings, the court stated,

> In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003).

Each of the allegations of assault in plaintiff's complaint in this case is an allegation of past harm. The exception to § 1915(b) focuses on the risk that the conduct complained of threatens "continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Perhaps if plaintiff had alleged that he was being assaulted by the same individual again and again, or that what appear to be unrelated incidents are in fact part of a larger scheme or plot among the defendants to subject plaintiff to repeated uses of excessive force, plaintiff's complaint could be construed as alleging a real and proximate threat of physical harm. But that is not what plaintiff alleges. Each assault is alleged to have been an unrelated incident by individuals who are not alleged to have been acting together. Nothing in the complaint suggests that on the day he filed his complaint, plaintiff faced any real or proximate threat of continuing or future physical harm. The only mention of continuing or future harm is plaintiff's bald

5

assertion that he is "in imminent danger of physical injury because of the *possibility* of continuing assaults." (emphasis added). It was on the basis of that statement that Judge Shabaz permitted him to proceed. But, possibilities are infinite. In every case there is a "possibility" that the harm alleged will repeat itself. If an allegation that a past harm will possibly be repeated in the future were enough to warrant application of the exception to § 1915(g), § 1915(g) would be rendered meaningless. A prisoner's simple observation about the possibilities the future holds would always overcome the bar. Therefore, I conclude that it was clearly erroneous for Judge Shabaz to apply the imminent danger exception in this case.

Because plaintiff is not entitled to proceed in forma pauperis, I will set a deadline within which he must pay the $350 fee for filing this action. If he fails to pay the fee within the time allowed, his case will be dismissed. In the meantime, I will reserve a decision on plaintiff's motions to compel discovery and defendants' motion to stay the case because of the state court ruling that plaintiff is incompetent.

ORDER

IT IS ORDERED that

1) the order entered herein on August 16, 2007 granting plaintiff leave to proceed in forma pauperis is RESCINDED as having been entered improvidently;

6

2) plaintiff's request for leave to proceed in forma pauperis is DENIED because plaintiff's complaint does not allege facts sufficient to qualify for an exception to 28 U.S.C. § 1915(g);

3) plaintiff may have until November 22, 2007, in which to pay the $350 fee for filing this action;

4) defendants' motion to stay and plaintiffs' motions to compel discovery are STAYED; and

5) if, by November 22, plaintiff fails to pay the filing fee, this action will be dismissed.

Further, IT IS ORDERED that even if plaintiff fails to pay the filing fee by November 22, 2007, he is responsible for paying the fee. The clerk of court is requested to insure that this obligation is reflected in the court's financial records. In addition, the warden of the Waupun Correctional Institution will be advised of plaintiff's responsibility to pay the fee in this case so that the fee may be collected in accordance with the provisions of the Prison Litigation Reform Act.

Entered this 6th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge